Hall, Judge,
 

 after stating the case as above proceeded : — It is to be observed in this case that there is no allegation of fraud in the transaction. It must therefore be taken as honestly conducted. It is true there was no actual delivery of the gin, nor has it been proved what was the consideration upon which the transfer was made. But the letters are evidence of an agree* ment between the
 
 Burrells
 
 that the right to the gin should be transferred from the one to the other; and title to it could be passed by contract altho’ no delivery was made
 
 *524
 
 of if:. Nor was it necessary that a consideration should be proved. It is sufficient that the garnishee’ should be directed to transfer it to the credit of
 
 G. T. Burrell.
 

 What would it be natural for an ag-nt ¡o do m such a case. Surely I think he would consider himself as acting under the directions of
 
 G T. Burrell,
 
 and the proceeds of the sale he would consider himself authorized and bound to pay over to him, as he did in the present case, as appears from his garnisment.
 
 J. E. Burrell
 
 could have no claim upon him; he would be repelled by his letter. His accountability was with
 
 G. T. Burrell,
 
 to w hose credit it appears he transferred the righ'to the gin. I think therefore in the absence of fraud in the transaction, the letters of the garnishee were evidence of the transfer of the gin from
 
 J. E. Burrell
 
 to
 
 G. T. Burrell,
 
 and that a new trial should be granted.
 

 Per Curiam. — Let the judgment below be reversed* and a new trial granted.